the condition of the stairway, or the alleged failure to comply with the handrail ordinances, caused by the injury or damage suffered by the plaintiff. The burden was on the plaintiff to establish by a preponderance of the evidence the causal relation between the alleged negligence and the injury sustained by the decedent. Absent proof of a causal relationship between the condition of the stairs and the decedent's death, the plaintiff was not entitled to recover. Damages cannot be assessed on mere surmise or conjecture as to what probably happened to cause his injury and death. *Withey v. Illinois Power Co.*, [32 Ill.App.2d 163, 170, 177 N.E.2d 254]." *McInturff v. Chicago Title and Trust Co.*, 102 Ill.App.2d 39, 49, 243 N.E.2d 657, 662.

■■ The rule concerning directed verdicts in Illinois is clearly stated in *Pedrick v. Peoria & Eastern Ry. Co.* (1967) 37 Ill.2d 494, 510, 229 N.E.2d 504, 513-14:

"[V]erdicts ought to be directed * * * only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

The record indicates that the trial court used the above standard in directing a verdict in favor of the defendants and we agree with the trial court's decision. Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DEMPSEY and MEJDA, JJ., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* EARL JOHNSON, Petitioner-Appellant.

(No. 60550; 

First District (2nd Division)—December 10, 1974.

738

PER CURIAM.

Paul Bradley and Lynn Sara Frackman, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Assistant State's Attorney, of counsel), for the People.

. . .